**LEWIS AND ROCA LLP — LAWYERS**

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Emily S. Cates, State Bar No. 022703
Direct Dial: 602 262-5757
Direct Fax: 602 734-3947
EMail: ECates@LRLaw.com

Katherine Roush*
Reilly Pozner LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
kroush@rplaw.com
 *Attorney in process of applying for
   Pro Hac Vice admission

Attorneys for Plaintiff
Lehman Brothers Holdings, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Lehman Brothers Holdings, Inc., a Delaware Corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Western Residential Mortgage, Inc., an Arizona Corporation<br><br>　　　　　　　　　Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff, Lehman Brothers Holdings, Inc. ("LBHI"), by and through its undersigned attorneys, and for its causes of action against Defendant, Western Residential Mortgage, Inc. ("Western Residential"), alleges and states as follows:

## **NATURE OF ACTION**

1. From 2005 until 2007, Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from Western Residential pursuant to a series of written contracts. LBB subsequently assigned its rights under those contracts to LBHI. With respect to certain of these mortgage loans, Western Residential breached representations, warranties and covenants and other provisions of the contracts. By this action, LBHI seeks to: (a) compel Western Residential, pursuant to the terms of the contracts, to repurchase mortgage loans that Lehman purchased and (b) recover money damages where repurchase is not a viable option or does not offer

2069745.1
332670

complete relief for injuries that have been sustained. As a result of Western Residential's contractual breaches, LBHI currently estimates its losses at $644,601.73, excluding interest, fees and costs.

## PARTIES

2. LBHI is a Delaware corporation with its principal place of business in New York.

3. Western Residential is an Arizona corporation with its principal place of business in Phoenix, Arizona.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff LBHI and Defendant Western Residential, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant Western Residential resides in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

6. Lehman engages in the purchase and sale of mortgage loans.

7. Western Residential engages in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

8. On August 18, 2005, Western Residential entered into a written Loan Purchase Agreement for Servicing Released Transactions with LBB (the "Agreement"). The Agreement specifically incorporated the terms and conditions of the "Seller's Guide" of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of Western Residential.

9. The Agreement and the Seller's Guide set forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations

and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

10. Western Residential sold a number of mortgage loans to LBB under the Agreement and Seller's Guide, including the four loans listed on **Exhibit A**, attached hereto and incorporated by reference herein.

11. Subsequent to such sales, LBB assigned all of its rights and remedies under the Agreements and Seller's Guide to LBHI. The Agreement and Seller's Guide specifically provided for such assignment.

## REPRESENTATIONS, WARRANTIES AND COVENANTS

12. With respect to each of the loans that Western Residential sold to LBB under the Agreement and Seller's Guide, Western Residential made a number of representations, warranties and covenants, including without limitation:

    (a) the validity of all mortgage loan documentation;

    (b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

    (c) occupancy by the borrower of the property securing the mortgage loan;

    (d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

    (e) the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

13. Western Residential also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

14. With respect to itself, Western Residential represented and/or warranted that it had the ability to perform its obligations under, and satisfy all requirements of, the

Agreement and Seller's Guide.

15. With respect to certain mortgage loans that LBB purchased from Western Residential, Lehman discovered material problems, including that Western Residential had breached representations, warranties and/or covenants under the Agreement and Seller's Guide, including but not limited to those set forth in paragraphs 12 and 13 above.

16. More specifically, with respect to loan number 4 on **Exhibit A** attached hereto and incorporated by reference herein, Western Residential breached one or more of the representations, warranties and/or covenants under the Agreements and Seller's Guide.

17. LBHI, through its agent, provided Western Residential with written notice concerning Western Residential's various breaches of the representations and warranties with respect to the loan referenced in paragraph 16 above.

18. The Agreement and Seller's Guide provided that in the event of a breach of the representations, warranties and/or covenants, LBHI or its agent may demand that Western Residential repurchase the loan and/or indemnify Lehman, and that upon such a demand Western Residential shall repurchase the loan at a certain purchase price and/or indemnify Lehman. LBHI, through its agent, demanded that Western Residential repurchase and/or indemnify the mortgage loan identified in paragraph 16 above at the specified repurchase price.

19. Western Residential has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or to otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loan referenced in paragraph 16 above.

**EARLY PAYMENT DEFAULTS**

20. The Agreement and Seller's Guide further specified that LBHI or its agent may demand that Western Residential repurchase and that upon such a demand Western Residential shall repurchase mortgage loans that become "Early Payment Defaults."

21. A loan becomes an Early Payment Default under the Agreement and

4

332670

2069745.1

Seller's Guide in one of two ways. First, for loans prior-approved by the purchaser, the loan becomes an Early Payment Default if the borrower fails to make the first monthly payment due within 30 days of the payment's due date. Second, for loans purchased pursuant to the seller's delegated underwriting authority, eligible for delegated underwriting, or purchased in bulk transactions, the loan becomes an Early Payment Default if the borrower fails to make the first or second monthly payment due within 30 days of each such monthly payment's respective due date. Western Residential received delegated underwriting authority before it sold the loans in question.

22.  Certain loans that Lehman purchased from Western Residential became Early Payment Defaults. More specifically, with respect to the loans numbered 1 through 3 on **Exhibit A**, the borrower failed to make the first and/or second payment within 30 days of the due dates for those payments.

23.  LBHI, through its agent, provided Western Residential with written notice concerning the fact that the loans referenced in paragraph 22 above became Early Payment Defaults and demanded that repurchase those mortgage loans.

24.  Western Residential has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or to otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loans referenced in paragraph 22 above.

### FIRST CLAIM FOR RELIEF

(Breach of Contract – Damages)

25.  LBHI hereby repeats and realleges the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.  The Agreement and incorporated Seller's Guide constitute a valid and enforceable contract that is binding upon Western Residential.

27.  LBB, LBHI, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreement and Seller's Guide.

28. As set forth herein, Western Residential has breached the respective Agreement and Seller's Guide by (a) breaching the representations, warranties and/or covenants, and (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties and/or covenants, and/or refusing to indemnify Lehman.

29. With regard to the mortgage loans that Western Residential has failed to repurchase and/or indemnify, Western Residential's breaches of the Agreement and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

(Breach of Contract – Specific Performance)

30. LBHI hereby repeats and realleges the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. In the alternative to damages, LBHI seeks specific performance.

32. The Agreement and incorporated Seller's Guide constitute a valid and enforceable contract that is binding upon Western Residential.

33. The contractual repurchase provisions are definite.

34. The Agreement and Seller's Guide are just and reasonable.

35. LBB, LBHI, Lehman's agents and any and all assignees have performed fully all of their obligations under the Agreement and Seller's Guide.

36. As set forth herein, Western Residential has breached the Agreement and Seller's Guide by (a) breaching the representations, warranties and/or covenants, and (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties and/or covenants, and/or refusing to indemnify Lehman, and (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults and/or refusing to indemnify Lehman.

37. Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LBHI has no adequate

remedy at law for redress of Western Residential's breaches of the representations, warranties and/or covenants and its obligation to repurchase loans that have become Early Payment Defaults.

38. LBHI is therefore entitled to an Order of this Court requiring specific performance by Western Residential of its repurchase obligations under the Agreement and Seller's Guide.

### THIRD CLAIM FOR RELIEF

(Breach of Express Warranty)

39. LBHI hereby repeats and realleges the allegations of paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. The Agreement and incorporated Seller's Guide constitute a valid and enforceable contract that is binding upon Western Residential.

41. With regard to each of the mortgage loans sold to LBB under the Agreement and Seller's Guide, Western Residential made a number of express warranties with respect to material facts concerning the loans as set forth in Paragraphs 12 and 13 above.

42. The express warranties contained in the Agreement and Seller's Guide were part of the basis of the bargain between LBB and Western Residential.

43. Western Residential breached such express warranties for loan number 4 on **Exhibit A**, attached hereto and incorporated by reference herein.

44. LBHI, through its agent, provided Western Residential with timely written notice concerning Western Residential's breaches of the express warranties.

45. Western Residential refused or failed to take adequate steps to remedy or to compensate Lehman for Western Residential's breaches of the express warranties.

### PRAYER FOR RELIEF

WHEREFORE, LBHI respectfully requests that this Court enter judgment in its favor and against Western Residential, as follows:

332670                                                             2069745.1



(a) For all damages arising from or relating to Western Residential's breaches of contract and breaches of express warranty, in an amount to be proven at trial;

(b) In the alternative, for a decree of specific performance requiring Western Residential to immediately repurchase all of the mortgage loans identified in **Exhibit A** pursuant to the Agreement and Seller's Guide;

(c) For an Order of this Court declaring that:

    (i) Western Residential is required to repurchase immediately from LBHI the mortgage loans identified in **Exhibit A**.

    (ii) Western Residential is required to compensate Lehman immediately for all actual and consequential damages resulting from Western Residential's breaches of the representations, warranties and/or covenants of the Agreement and Seller's Guide.

(e) For recoverable interest, including pre-judgment and post-judgment interest;

(f) For the costs and expenses of suit incurred by LBHI herein, including attorneys' fees and costs and expert witness fees as provided in the Agreement and the Seller's Guide and to the extent authorized by applicable law, including but not limited to A.R.S. § 12-341.01(A);

(g) For such other relief as this Court deems just and proper.

DATED this 9th day of July, 2009.

LEWIS AND ROCA LLP

By /s/ Emily S. Cates
    Emily S. Cates
Attorneys for Plaintiff
Lehman Brothers Holdings, Inc.