LEWIS AND ROCA LLP
LAWYERS

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Emily S. Cates, State Bar No. 022703
Direct Dial: 602 262-5757
Direct Fax: 602 734-3947
EMail: ECates@LRLaw.com

Katherine Roush*
Reilly Pozner LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
kroush@rplaw.com
*Attorney in process of applying for Pro Hac Vice admission

Attorneys for Plaintiff
Lehman Brothers Holdings, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lehman Brothers Holdings, Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Western Residential Mortgage, Inc., an Arizona Corporation<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff, Lehman Brothers Holdings, Inc. ("LBHI"), by and through its undersigned attorneys, and for its causes of action against Defendant, Western Residential Mortgage, Inc. ("Western Residential"), alleges and states as follows:

**NATURE OF ACTION**

1. From 2005 until 2007, Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from Western Residential pursuant to a series of written contracts. LBB subsequently assigned its rights under those contracts to LBHI. With respect to certain of these mortgage loans, Western Residential breached representations, warranties and covenants and other provisions of the contracts. By this action, LBHI seeks to: (a) compel Western Residential, pursuant to the terms of the contracts, to repurchase mortgage loans that Lehman purchased and (b) recover money damages where repurchase is not a viable option or does not offer

complete relief for injuries that have been sustained. As a result of Western Residential's contractual breaches, LBHI currently estimates its losses at $644,601.73, excluding interest, fees and costs.

**PARTIES**

2. LBHI is a Delaware corporation with its principal place of business in New York.

3. Western Residential is an Arizona corporation with its principal place of business in Phoenix, Arizona.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff LBHI and Defendant Western Residential, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant Western Residential resides in Maricopa County, Arizona.

**FACTUAL ALLEGATIONS**

6. Lehman engages in the purchase and sale of mortgage loans.

7. Western Residential engages in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

8. On August 18, 2005, Western Residential entered into a written Loan Purchase Agreement for Servicing Released Transactions with LBB (the "Agreement"). The Agreement specifically incorporated the terms and conditions of the "Seller's Guide" of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of Western Residential.

9. The Agreement and the Seller's Guide set forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage loan documents, examination of mortgage loan files and underwriting, representations

and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

10. Western Residential sold a number of mortgage loans to LBB under the Agreement and Seller's Guide, including the four loans listed on **Exhibit A**, attached hereto and incorporated by reference herein.

11. Subsequent to such sales, LBB assigned all of its rights and remedies under the Agreements and Seller's Guide to LBHI. The Agreement and Seller's Guide specifically provided for such assignment.

**REPRESENTATIONS, WARRANTIES AND COVENANTS**

12. With respect to each of the loans that Western Residential sold to LBB under the Agreement and Seller's Guide, Western Residential made a number of representations, warranties and covenants, including without limitation:

(a) the validity of all mortgage loan documentation;

(b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

(c) occupancy by the borrower of the property securing the mortgage loan;

(d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

(e) the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

13. Western Residential also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

14. With respect to itself, Western Residential represented and/or warranted that it had the ability to perform its obligations under, and satisfy all requirements of, the

Agreement and Seller's Guide.

15. With respect to certain mortgage loans that LBB purchased from Western Residential, Lehman discovered material problems, including that Western Residential had breached representations, warranties and/or covenants under the Agreement and Seller's Guide, including but not limited to those set forth in paragraphs 12 and 13 above.

16. More specifically, with respect to loan number 4 on **Exhibit A** attached hereto and incorporated by reference herein, Western Residential breached one or more of the representations, warranties and/or covenants under the Agreements and Seller's Guide.

17. LBHI, through its agent, provided Western Residential with written notice concerning Western Residential's various breaches of the representations and warranties with respect to the loan referenced in paragraph 16 above.

18. The Agreement and Seller's Guide provided that in the event of a breach of the representations, warranties and/or covenants, LBHI or its agent may demand that Western Residential repurchase the loan and/or indemnify Lehman, and that upon such a demand Western Residential shall repurchase the loan at a certain purchase price and/or indemnify Lehman. LBHI, through its agent, demanded that Western Residential repurchase and/or indemnify the mortgage loan identified in paragraph 16 above at the specified repurchase price.

19. Western Residential has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or to otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loan referenced in paragraph 16 above.

## EARLY PAYMENT DEFAULTS

20. The Agreement and Seller's Guide further specified that LBHI or its agent may demand that Western Residential repurchase and that upon such a demand Western Residential shall repurchase mortgage loans that become "Early Payment Defaults."

21. A loan becomes an Early Payment Default under the Agreement and

Seller's Guide in one of two ways. First, for loans prior-approved by the purchaser, the loan becomes an Early Payment Default if the borrower fails to make the first monthly payment due within 30 days of the payment's due date. Second, for loans purchased pursuant to the seller's delegated underwriting authority, eligible for delegated underwriting, or purchased in bulk transactions, the loan becomes an Early Payment Default if the borrower fails to make the first or second monthly payment due within 30 days of each such monthly payment's respective due date. Western Residential received delegated underwriting authority before it sold the loans in question.

22. Certain loans that Lehman purchased from Western Residential became Early Payment Defaults. More specifically, with respect to the loans numbered 1 through 3 on **Exhibit A**, the borrower failed to make the first and/or second payment within 30 days of the due dates for those payments.

23. LBHI, through its agent, provided Western Residential with written notice concerning the fact that the loans referenced in paragraph 22 above became Early Payment Defaults and demanded that repurchase those mortgage loans.

24. Western Residential has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or to otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loans referenced in paragraph 22 above.

## FIRST CLAIM FOR RELIEF

(Breach of Contract – Damages)

25. LBHI hereby repeats and realleges the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The Agreement and incorporated Seller's Guide constitute a valid and enforceable contract that is binding upon Western Residential.

27. LBB, LBHI, Lehman's agents and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreement and Seller's Guide.

28. As set forth herein, Western Residential has breached the respective Agreement and Seller's Guide by (a) breaching the representations, warranties and/or covenants, and (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties and/or covenants, and/or refusing to indemnify Lehman.

29. With regard to the mortgage loans that Western Residential has failed to repurchase and/or indemnify, Western Residential's breaches of the Agreement and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

(Breach of Contract – Specific Performance)

30. LBHI hereby repeats and realleges the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. In the alternative to damages, LBHI seeks specific performance.

32. The Agreement and incorporated Seller's Guide constitute a valid and enforceable contract that is binding upon Western Residential.

33. The contractual repurchase provisions are definite.

34. The Agreement and Seller's Guide are just and reasonable.

35. LBB, LBHI, Lehman's agents and any and all assignees have performed fully all of their obligations under the Agreement and Seller's Guide.

36. As set forth herein, Western Residential has breached the Agreement and Seller's Guide by (a) breaching the representations, warranties and/or covenants, and (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties and/or covenants, and/or refusing to indemnify Lehman, and (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults and/or refusing to indemnify Lehman.

37. Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LBHI has no adequate

LEWIS AND ROCA LLP LAWYERS

remedy at law for redress of Western Residential's breaches of the representations, warranties and/or covenants and its obligation to repurchase loans that have become Early Payment Defaults.

38. LBHI is therefore entitled to an Order of this Court requiring specific performance by Western Residential of its repurchase obligations under the Agreement and Seller's Guide.

**THIRD CLAIM FOR RELIEF**

(Breach of Express Warranty)

39. LBHI hereby repeats and realleges the allegations of paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. The Agreement and incorporated Seller's Guide constitute a valid and enforceable contract that is binding upon Western Residential.

41. With regard to each of the mortgage loans sold to LBB under the Agreement and Seller's Guide, Western Residential made a number of express warranties with respect to material facts concerning the loans as set forth in Paragraphs 12 and 13 above.

42. The express warranties contained in the Agreement and Seller's Guide were part of the basis of the bargain between LBB and Western Residential.

43. Western Residential breached such express warranties for loan number 4 on **Exhibit A**, attached hereto and incorporated by reference herein.

44. LBHI, through its agent, provided Western Residential with timely written notice concerning Western Residential's breaches of the express warranties.

45. Western Residential refused or failed to take adequate steps to remedy or to compensate Lehman for Western Residential's breaches of the express warranties.

**PRAYER FOR RELIEF**

WHEREFORE, LBHI respectfully requests that this Court enter judgment in its favor and against Western Residential, as follows:

(a) For all damages arising from or relating to Western Residential's breaches of contract and breaches of express warranty, in an amount to be proven at trial;

(b) In the alternative, for a decree of specific performance requiring Western Residential to immediately repurchase all of the mortgage loans identified in **Exhibit A** pursuant to the Agreement and Seller's Guide;

(c) For an Order of this Court declaring that:

(i) Western Residential is required to repurchase immediately from LBHI the mortgage loans identified in **Exhibit A**.

(ii) Western Residential is required to compensate Lehman immediately for all actual and consequential damages resulting from Western Residential's breaches of the representations, warranties and/or covenants of the Agreement and Seller's Guide.

(e) For recoverable interest, including pre-judgment and post-judgment interest;

(f) For the costs and expenses of suit incurred by LBHI herein, including attorneys' fees and costs and expert witness fees as provided in the Agreement and the Seller's Guide and to the extent authorized by applicable law, including but not limited to A.R.S. § 12-341.01(A);

(g) For such other relief as this Court deems just and proper.

DATED this 9th day of July, 2009.

LEWIS AND ROCA LLP

By /s/ Emily S. Cates
Emily S. Cates
Attorneys for Plaintiff
Lehman Brothers Holdings, Inc.

## EXHIBIT A

| No. | Loan No. | Claim Reason |
|---|---|---|
| 1 | ******9568 | EARLY PAYMENT DEFAULT |
| 2 | ******9471 | EARLY PAYMENT DEFAULT |
| 3 | ******8397 | EARLY PAYMENT DEFAULT |
| 4 | ******0566 | BREACH OF REPRESENTATIONS AND WARRANTIES |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**1. (a) PLAINTIFFS**
LEHMAN BROTHERS HOLDINGS, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF New York County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (Firm Name, Address, and Telephone Number)
Emily Cates (022703)
LEWIS AND ROCA LLP
40 North Central Avenue
Phoenix, AZ 85004-4429
602-262-5757

**DEFENDANTS**
WESTERN RESIDENTIAL MORTGAGE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Maricopa County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (If Known)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box For Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Reporting
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts t Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities – Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Diversity, 28 U.S.C. Section 1332

Brief description of cause:
Breach of Loan Purchase Agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND:** Damages estimated to exceed $130,000 and to be proven at trial and an accounting

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE ____________ DOCKET NUMBER ____________

DATE July 9, 2009

SIGNATURE OF ATTORNEY OF RECORD
/s/ Emily S. Cates

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS—44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable services.</u>

**VII. Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R. Cv.P.

**Demand**. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

**Jury Demand**. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS—44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

LEWIS AND ROCA LLP
LAWYERS

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Emily S. Cates, State Bar No. 022703
Direct Dial: 602 262-5757
Direct Fax: 602 734-3947
EMail: ECates@LRLaw.com

Katherine Roush*
Reilly Pozner LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
kroush@rplaw.com
*Attorney in process of applying for Pro Hac Vice admission

Attorneys for Plaintiff
Lehman Brothers Holdings, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Lehman Brothers Holdings, Inc., a Delaware Corporation,

Plaintiff,

vs.

Western Residential Mortgage, Inc., an Arizona Corporation,

Defendant.

No.

**SUMMONS IN A CIVIL CASE**

**TO: Western Residential Mortgage, Inc.**

**YOU ARE HEREBY SUMMONED** and required to serve on Plaintiff's attorney

**Emily S. Cates**
**Lewis and Roca LLP**
**40 North Central Avenue, Suite 1900**
**Phoenix, AZ 85004-4429,**

an answer to the Complaint that is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT0* | TITLE |

*Check one box below to indicate appropriate method of service*

- ❒ Served personally upon the defendant. Place where served: ______________________________
- ❒ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: ______________________
- ❒ Returned unexecuted: ______________________________
- ❒ Other (specify): ______________________________

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ Date

______________________________
*Signature of Server*

______________________________
*Address of Server*

[1] As to who may serve a summons, see Rule 4 of the Federal Rules of Civil Procedure.